UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **PLUMBERS AND STEAMFITTERS LOCAL 106 PENSION FUND,** | CIVIL ACTION NO. |
| | JUDGE |
| **PLUMBERS AND STEAMFITTERS LOCAL 106 HEALTH AND WELFARE FUND,** | MAGISTRATE |
| **PLUMBERS AND STEAMFITTERS LOCAL 106 DIRECT CONTRIBUTION FUND,** | |
| **PLUMBERS AND STEAMFITTERS LOCAL 106 APPRENTICESHIP FUND, AND** | |
| **PLUMBERS AND STEAMFITTERS LOCAL 106** | |
| versus | |
| **JOHNSON CONTROLS, INC.** | |

**COMPLAINT**

1.

This is an action brought pursuant to §§ 409, 502, and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1109, 1132 and 1145, and §301 of the Labor Management Relations Act, 29 U.S.C. §185.

2.

Jurisdiction and venue are conferred on this Court by 28 U.S.C. §1331 and 29 U.S.C. §§185(a), 1132(a),(e), and (f). All state law claims are attached to the federal causes of action via supplemental or pendant jurisdiction.

3.

The Plaintiff, Plumbers and Steamfitters Local 106 Pension Fund ("the Pension Fund"), is an "employee pension benefit plan" as defined in §3(2)(A)(i) of ERISA, as amended, 29

1

U.S.C. §1002(2)(a)(i), established by the unions and employers in an industry affecting commerce, whose employees are represented by those unions, for the purposes of providing retirement income to the employees. The Pension Fund is authorized to sue in its own name by §502(d)(1) of ERISA, 29 U.S.C. §1132(d)(1). The Pension Fund is administered in Lake Charles, Louisiana and is located at 2126 Oak Park Boulevard, Lake Charles, Louisiana 70601.

4.

The Plaintiff, Plumbers and Steamfitters Health and Welfare Fund ("the Welfare Fund"), is an "employee benefit plan" as defined in §3(1) of ERISA, as amended, 29 U.S.C. §1002(1), established by the unions and employers in an industry affecting commerce, whose employees are represented by those unions, for the purposes of providing medical benefits to the employees. The Welfare Fund is authorized to sue in its own name by §502(d)(1) of ERISA, 29 U.S.C. §1132(d)(1). The Welfare Fund is administered in Lake Charles, Louisiana and is located at 2126 Oak Park Boulevard, Lake Charles, Louisiana 70601.

5.

The Plaintiff, Plumbers and Steamfitters Local 106 Direct Contribution Fund ("Direct Contribution Fund"), is an "employee benefit plan" as defined in §3(2)(A) of ERISA, as amended, 29 U.S.C. §1002(2)(A), established by the union and employers in an industry affecting commerce, whose employees are represented by those unions, for the purposes of providing annuity benefits to the employees. The Direct Contribution Fund is authorized to sue in its own name by §502(d)(1) of ERISA, 29 U.S.C. §1132(d)(1). The Direct Contribution Fund is administered in Lake Charles, Louisiana and is located at 2126 Oak Park Boulevard, Lake Charles, Louisiana 70601.

6.

Plumbers and Steamfitters Local 106 ("Local 106" or "the Union") is a labor organization within the meaning of Section 2(5) of the National Labor Relations Act, 29 U.S.C. §152(5), and an employee organization within the meaning of 29 U.S.C. §1002(4).  Local 106 is located at 2013 Ryan Street, Lake Charles, Louisiana 70601.

7.

The Plaintiff, Plumbers and Steamfitters Local 106 Apprenticeship Fund ("Local 106 Apprenticeship Fund") is an "employee welfare benefit plan" within the meaning of 29 U.S.C. § 1002(1) of ERISA organized pursuant to 29 U.S.C. § 186(c)(6).  The Local 106 Apprenticeship Fund is authorized to sue in its own name by § 502(d)(1) of ERISA, 29 U.S.C. § 1132(d)(1). The Local 106 Apprenticeship Fund is administered in Lake Charles, Louisiana and is located at 2013 Ryan Street, Lake Charles, Louisiana 70601.

8.

Johnson Controls, Inc. ("JCI" or "Johnson Controls") is a foreign corporation licensed to do business in the State of Louisiana and is signatory to the National Pneumatic Control Systems Installation & Service Agreement ("Agreement" or "CBA"), which binds JCI to pay monthly contributions to the Pension Fund, Welfare Fund, Direct Contribution Fund, Apprenticeship Fund, (collectively referred to as "the Funds"), and dues to the Local 106.

9.

JCI entered into the CBA with the Union that bound it to pay monthly contributions to the Plaintiff Funds and dues to the Union.  The Funds required that contributing employers file monthly remittance reports with their administrators.  The employers calculate the payments they owe to the Funds from these reports.

10.

The CBA further entitled the Funds to audit the payroll and other records of JCI to determine amounts due to the Funds.

11.

Since 1998, JCI has regularly failed to make timely payment of its fringe benefit contributions.  In addition to these contributions, JCI failed to make payments of late fees and interest owed on the delinquent contributions.

12.

On April 24, 2008, the Funds and Union made demand to JCI to provide remittance reports and contributions for employees of JCI who performed work within the occupational and geographical jurisdiction of the Union for the period from June 2006 to April 24, 2008.

13.

JCI provided no such documents or contributions responsive to this demand.

14.

As a result of the failure of JCI to file any remittance report and to pay any contributions for the period from 1998 until 2006, on November 28, 2008 the Funds demanded the right to audit the records of JCI for the period from December 1, 1998 through December 1, 2008 under the Agreement and ERISA.

15.

JCI agreed to cooperate with the audit for some of the relevant time period and to provide records for the period from January 2005 to December 2008 to the Funds' auditor, Needles and Associates.

16.

In order to allow the parties adequate time to complete the audit and to make efforts to resolve the dispute amicably, the parties executed a Tolling Agreement on October 9, 2009. This agreement was extended until August 31, 2011.

17.

An audit commenced for the period from January 2005 through December 2008.

18.

The audit revealed significant underpayments of contributions to the Funds, which were incurred by JCI, totaling approximately $831,292.25 for the period from January 2005 through December 2008.

19.

As a result of these findings, the Funds requested additional records to audit the period predating 2005.

20.

JCI has not produced any payroll records, or any other records, in response to this demand.

21.

On August 24, 2011, the Funds and Union again requested documents to perform the necessary audit for the period from December 1, 1998 through December 31, 2004 and from January 1, 2009 through the present.

22.

JCI has produced no documents in response to this amicable demand.

23.

On August 24, 2011, the Funds also made demand for payment of delinquent contributions, interest, and liquidated damages for the amounts owed pursuant to the audit for the period of time from January 2005 through December 2008.

24.

JCI has failed to pay the amounts demanded from the audit period.

### COUNT I – COLLECTION UNDER ERISA AND THE LMRA

25.

JCI is liable to the Funds for all unpaid contributions, liquidated damages, interest, and for amounts owed under Sections 502 and 515 of ERISA, 29 U.S.C. §§1132 and 1145 and §301 of the LMRA, 29 U.S.C. §185.

26.

Upon information and belief, the current identified amounts of unpaid contributions owed by JCI are as follows:

| | |
|---|---|
| Pension Fund | $220,971.15 |
| Welfare Fund | $323,453.54 |
| Direct Contribution Fund | $ 163,728.95 |
| Local 106 Apprenticeship Fund | $ 42,077.39 |

27.

Other contributions are also owed for months for which remittance reports have not been provided to the Funds' administrators and for which the audit has not yet been conducted.

28.

The Pension Fund, Welfare Fund, Direct Contribution Fund, and the Apprenticeship Fund are entitled to liquidated damages in the amount of 20% of all of the delinquent contributions in accordance with their delinquency procedures.  These amounts are as follows:

| | |
|---|---|
| Pension Fund | $44,194.23 |
| Welfare Fund | $64,690.76 |
| Direct Contribution Fund | $32,745.78 |
| Local 106 Apprenticeship Fund | $ 8,415.46 |

29.

Further, the Funds are entitled to interest in accordance with ERISA on all contributions from the date owed until the date all amounts are paid in full, at 12% per annum.

30.

On information and belief, the current identified amounts of interest owed by JCI are as follows:

| | |
|---|---|
| Pension Fund | $173,590.28 |
| Welfare Fund | $253,823.33 |
| Direct Contribution Fund | $126,347.51 |
| Local 106 Apprenticeship Fund | $ 31,466.44 |

These amounts continue to accrue.

31.

The Funds are entitled to recover all costs incurred in exacting compliance with the CBA including the actual costs of the audits, attorney's fees, and costs of the litigation.

## COUNT II – BREACH OF THE COLLECTIVE BARGAINING AGREEMENT

32.

Plaintiffs repeat and reiterate all the factual allegations previously set forth in the Complaint.

33.

Local 106 is entitled to recovery of unpaid union dues from JCI under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185.

34.

On information and belief, the current identified amounts of unpaid union dues/working assessments owed by JCI are as follows:

| Local 106 dues | $50,894.47 |
|---|---|

35.

Other dues amounts are also owed for months for which reports have not been provided to the Unions but during which employees performed work covered by the Agreement.

## COUNT III – FAILURE TO PAY WAGES UNDER LOUISIANA WAGE CLAIM ACT

36.

Plaintiffs repeat and reiterate all the allegations previously set forth in the Complaint.

37.

Jurisdiction of this Court is based on the Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367 and LA R.S. 23:631-640.

38.

Under the CBA, JCI owes the Union the amount earned by its employees toward dues.

39.

JCI employees earned fringe benefits during the months from January 2005 through December 2008.

40.

According to R.S. §23:640:

Any and all amounts payable by employers under collective bargaining agreements with any labor organization for vacation, health and welfare, pension, apprenticeship and training, supplemental unemployment benefits, or any other fringe benefits considered as wages by the secretary of labor in determining prevailing wage rates shall be considered and treated as wages due by employers under R.S. 23:631-23:639 and employers shall be obligated to pay the said amounts to the trust funds, trustees, or other obliges to whom such payments shall be due and owing in the same manner and subject to the same penalties for nonpayment and the same provisions as to collection and enforcement by the said obliges as apply to ordinary wages under R.S. 23:631-23:639.

41.

These amounts have not been paid in full.

42.

The Unions are in the position to demand and collect the unpaid wages owed as assessments and dues due and owing to the former employees.

43.

A copy of this Complaint is being served upon the U. S. Secretary of Labor and Secretary of Treasury by certified mail, as required by 29 U.S.C. §1132(h).

**WHEREFORE**, the Plaintiff Unions and Funds pray that after due proceedings, judgment be entered in their behalf granting the following relief requested:

a) Payment by JCI of unpaid contributions to the Pension Fund, Direct Contribution Fund, Welfare Fund, Local 106 Apprenticeship Fund, and Local 106;

b) Payment by JCI of unpaid dues and assessments to Local 106;

c) An Order authorizing the Funds to conduct an audit for relevant unaudited dates (December 1998 to December 2004 and January 2009 to the present) of Defendant's payroll and other relevant records at Defendant's cost;

d) Payment by JCI of interest on the unpaid contributions;

e) Payment by JCI of liquidated damages in accordance with ERISA;

f) Payment by JCI of all reasonable attorney's fees and costs of this litigation including all costs of the audits; and

g) Such other legal or equitable relief as this Court deems just and proper.

Respectfully submitted,

**ROBEIN, URANN, SPENCER,
PICARD & CANGEMI, A.P.L.C.**

s/Julie Richard-Spencer
Julie Richard-Spencer (LA Bar No. 20340)
Maria C. Cangemi (LA Bar No. 20136)
Paula M. Bruner (LA Bar No. 30417)
2540 Severn Avenue, Suite 400 (70002)
P. O. Box 6768
Metairie, Louisiana 70009-6768
Telephone:  (504) 885-9994
Facsimile:  (504) 885-9969
Email:  jrichard@ruspclaw.com
Email:  mcangemi@ruspclaw.com
Email:  pbruner@ruspclaw.com

Attorneys for Plaintiffs

**PLEASE SERVE:**

Johnson Controls, Inc.
CT Corporation System
5615 Corporate Boulveard, Suite 400B
Baton Rouge, LA 70808

F:\APPS\WP51\CLIENTS\Plumbers_106\_Johnson_Controls\Pleadings\Complaint_083111.doc